**Dissenting Opinion Filed September 27, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00938-CV

## IN RE JAMES ALAN BARNES, ET AL., Relators

**Original Proceeding from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15204**

## DISSENTING OPINION
Opinion by Justice Pedersen, III

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that relators lack an adequate appellate remedy. *In re The Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). As the parties seeking relief, relators bear the burden to provide the Court with a sufficient record to establish their right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To put it plainly, we are not permitted to address the merits of any petition for writ of mandamus absent strict compliance with Texas Rules of Appellate Procedure 52. In this case, we deviate from our standard practice.

This Court has denied at least five petitions for writ of mandamus, at least in part, due to noncompliance with provisions of Rule 52 that the petition here also fails to satisfy *in the last thirty days*. Three of those denials were based, at least in part, on failure of the petitions to comply with Rule 52.7(a)(2). *See In re Buddrus*, No. 05-22-00837-CV, 2022 WL 4092422, at *1 (Tex. App.—Dallas Sept. 7, 2022, orig. proceeding) (mem. op.); *In re Horton*, No. 05-22-00810, 2022 WL 3645591, at *1 (Tex. App.—Dallas Aug. 24, 2022, orig. proceeding) (mem. op.) (citing TEX. R. APP. P. 52(7)(a), generally, but noting, "Relator failed to provide . . . a properly authenticated transcript of any relevant testimony."); *In re Pick*, No. 05-22-00817-CV, 2022 WL 3593283, at *1 (Tex. App.—Dallas Aug. 23, 2022, orig. proceeding) (mem. op.). Three of those denials were based, at least in part, on failure of the petitions to comply with Rule 52.3(j). *See In re Chapple*, No. 05-22-00944-CV, 2022 WL 4396166, at *1 (Tex. App.—Dallas Sept. 23, 2022, orig. proceeding) (mem. op.); *In re Houston*, No. 05-22-00865-CV, 2022 WL 4007881, at *1 (Tex. App.—Dallas Sept. 2, 2022, orig. proceeding) (mem. op.); *Horton*, 2022 WL 3645591, at *1.

Accordingly, we should deny the Petition for Writ of Mandamus. *See* TEX. R. APP. P. 52.8(a). We should also strike relators' Petition for Writ of Mandamus, including its appendix, and we should strike relators' Mandamus Record. *See* TEX. R. APP. P. 9.9. We should further deny relators' Emergency Motion for Temporary Stay of Proceedings as moot.

–2–

I dissent.

/Bill Pedersen, III//

BILL PEDERSEN, III

220938f.p05          JUSTICE